1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

SARAH IRENE AMADO, an individual,

Case No. 1:24-cv-606 JLT HBK

12

Plaintiff,

ORDER GRANTING MOTION FOR
REMAND

13

v.

(Doc. 9)

14

HOME DEPOT U.S.A., INC., a Delaware
Corporation; KACY LELIEVRE, an
individual; and DOES 1 through 50,
inclusive,

15

16

17

Defendants.

18         Before the Court is Sarah Amado's motion to remand for lack of subject matter

19 jurisdiction (Doc. 9). Amado filed the pending motion after defendants removed it from Merced

20 County Superior Court to this Court under 28 U.S.C. §§ 1441(b), 1446. (*See* Doc. 1.) Defendants

21 based removal on the Court's diversity jurisdiction while asserting diversity of citizenship exists

22 among the parties. (*Id.*) Amado contends that because Kacy Lelievre, one of Home Depot's local

23 store managers, is a defendant, complete diversity of citizenship does not exist. (*See generally*

24 Doc. 9.) Though the Court has strong doubts as to the sincerity of the action as to Ms. Lelievre,

25 relevant authorities require it to **GRANT** the motion and **REMAND** the action back to Merced

26 County Superior Court.

27                          **BACKGROUND**

28         On April 14, 2024, Sarah Amado sued the defendants in Merced County Superior Court

1  alleging general negligence and premises liability.  (*See* Doc. 1, Ex. A.)  Amado alleges that on or

2  around May 10, 2022, she "tripped and fell over pipes negligently left by Defendants in the

3  garden department Defendant Home Depot USA, Inc.'s … retail establishment located at 1735

4  CA-140, Merced, CA 95341."  (*Id.*)  Plaintiff alleges her "investigation revealed that Defendant

5  Lelievre was a manager during the time of Plaintiff's fall and has knowledge of where Plaintiff's

6  fall took place and knowledge that there were no cameras in that area."  (Doc. 9 at 3.)  As a result,

7  Plaintiff identified Home Depot and Kacy Lelievre as defendants in the action.

8       Defendants answered and denied "each and every, all and singular, allegations of the

9  Complaint," and denying "that Plaintiff has been injured or damaged in any of the sums

10  mentioned . . . or in any sum, or at all, as the result of any act or omission of . . . Defendants."

11  (Doc. 1 at 19, Ex. B.)  Soon thereafter, Defendants filed a Notice of Removal and timely removed

12  the action from Merced County Superior Court to this Court explaining "[t]his case may be

13  removed. . . pursuant to the provisions of 28 U.S.C. sections 1441(b) and 1446 in that it is a case

14  that could have been commenced in federal court based on diversity of citizenship." (Doc. 1 at 3.)

15  In asserting diversity jurisdiction, Home Depot argued for the dismissal of Kacy Lelievre from

16  the action as a dispensable party under Federal Civil Procedure Rule 19(a).  Home Depot asserted

17  Lelievre is a "nominal and unnecessary" party "who was acting in the course and scope of her

18  employment with Home Depot at the time of the incident" and "has no individual liability."  (*Id.*)

19  Therefore, Home Depot contends that Lelievre's "only purpose as a named defendant is to

20  destroy diversity jurisdiction."  (*Id.*)  Alternatively, Home Depot argued for *sua sponte* dismissal

21  under Rule 21.  (*Id.*)

22       Amado filed the instant motion for remand with the supporting declaration of Hazel S.

23  Chang (Doc. 9), requesting the Court to remand the matter back to state court because Lelievre is

24  California resident and Home Depot "has failed to meet its burden[s] to show Defendant Lelievre

25  is a dispensable party under Rule 19" or demonstrate misjoinder under Rule 21.  (*Id.* at 4,7.)

26  Amado contends the Court's adjudication of the matter is improper because Lelievre's presence

27  in the action destroys diversity.  (*Id.*)  Home Depot opposes the motion (Doc. 11) and reasserts its

28  Rule 19(a) and Rule 21 arguments.  (Doc. 11 at 2-9.) Home Depot also asserts fraudulent

1  joinder/sham defendant in arguing for Lelievre's *sua sponte* dismissal under Federal Civil

2  Procedure Rule 21.  (*Id.* at 5-8.)

3  <center>**LEGAL STANDARD**</center>

4  **A.  Removal Jurisdiction**

5        In *Hansen v. Group Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018)[1], the Ninth Circuit

6  explained,

7  > A plaintiff is the master of the plaintiff's complaint [] and has the choice of
> pleading claims for relief under state or federal law (or both).  If these claims do

8  > not involve federal law or diverse parties, the action can be brought only in state
> court.  On the other hand, if these claims give rise to concurrent jurisdiction, the

9  > plaintiff may choose to file in either state or federal court.  But if the plaintiff
> elects state court, the defendant then has the option of removing the case from

10 > state court to federal court under the general removal statute, 28 U.S.C. § 1441.

11 *Id.* (internal citations omitted).

12       Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district

13 courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to

14 the district court . . .." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.

15 2009); *see also Washington v. Chimei Innolux Corp.,* 659 F.3d 842, 847 (9th Cir. 2011) ("A

16 federal court has jurisdiction over a civil case initiated in state court and removed by the

17 defendant to federal district court if the case originally could have been brought in federal

18 court."); *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1184 (9th Cir. 2022)

19 (quoting 28 U.S.C. § 1441(a)).   "In civil cases, subject matter jurisdiction is generally conferred

20 upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal

21 question jurisdiction, 28 U.S.C. § 1331."  *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068

22 (9th Cir. 2005). Diversity jurisdiction under 28 U.S.C. § 1332 arises when the amount in

23 controversy exceeds $75,000 and the dispute is between "citizens of different states."  For

24 diversity and removal purposes, a corporation is "deemed to be a citizen of every State and

25 foreign state by which it has been incorporated and of the State or foreign state where it has its

26 principal place of business." 28 U.S.C. § 1332(c)(1).

27

28  ----

[1]  Though the Ninth Circuit's *Hansen v. Group Health Coop.* holding concerned federal question removal jurisdiction, its analysis included a concise yet thorough summary of the removal statute and principles.  902 F.3d 1051 (9th Cir. 2018).

<center>3</center>

1    Section 1332(a)(1) requires complete diversity between parties.  *Caterpillar Inc. v. Lewis*,

2  519 U.S. 61, 68 (1996).  The presence of any single plaintiff from the same state as any single

3  defendant destroys "complete diversity" and strips the federal court of original jurisdiction over

4  the matter.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *Grancare,*

5  *LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc*,

6  519 U.S. at 68)). "[T]he removal statute is strictly construed against removal jurisdiction,"

7  (*California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)) and "[w]hether

8  diversity jurisdiction exists 'depends upon the state of things at the time of the action brought.'"

9  *Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1170 (E.D. Cal. 2020) (quoting

10  *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 570 (2004)).  The party who invoked

11  the federal court's removal jurisdiction has the burden of establishing the action is properly

12  before the Court.  *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing

13  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *see also Yu v. ByteDance Inc.*, 2023

14  WL 5671932, at *3 (N.D. Cal. 2023).

15    **B.  Remand**

16    A plaintiff may move to remand a case to the state court from which it was removed if the

17  district court lacks jurisdiction or if there is a defect in the removal procedure.  28 U.S.C. §

18  1447(c).  "If at any time before final judgment it appears that the district court lacks subject

19  matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Subject matter jurisdiction

20  may not be waived, and the Ninth Circuit has consistently held "the district court must remand if

21  it lacks jurisdiction."  *See Bowles*, 444 F. Supp. 3d at 1170 (quoting *Kelton Arms Condo. Owners*

22  *Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)).

23    **DISCUSSION**

24    Amado moves for remand arguing defendants[2] failed to meet its burden of establishing

25  that  Kacy Lelievre[3] is: (1) a dispensable party under Rule 19 (Doc. 9 at 4); (2) a misjoined party

26  ─────────────────────

[2] The Court uses "defendants" to reference both Defendant Home Depot and Defendant Kacy Lelievre.

27

28  [3]For clarity purposes and an effort to reduce repetition, the Court refers to Defendant Kacy Lelievre as "co-Defendant Lelievre." The Court also uses co-Defendant to specify Ms. Lelievre's standing in the pending action prior to removal

1    under Rule 21; or (3) a sham defendant, fraudulently joined to defeat diversity jurisdiction (Doc.

2    12 at 3).

3           Defendants oppose remand, arguing that the Court should deny Amado's motion because

4    she failed to comply with the Court's Standing Order requiring the parties to meet and confer.

5    (Doc. 11 at 3.)  Defendants explain, "nowhere in the 'Notice of Motion' does Plaintiff's counsel

6    certify having met and conferred with Defense counsel, let alone 'exhausting' those meet and

7    confer efforts [; and the] Declaration of Ms. Chang could not possibly certify any meet and confer

8    efforts or exhaustion such efforts because none were initiated, and none occurred." (*Id.*)  In

9    addition, defendants assert Lelievre "is a sham defendant" who was fraudulently joined "solely

10   for purposes of defeating diversity" and urge the Court "to retain jurisdiction and disallow

11   joinder".  (Doc. 11 at 2, 8.)  Defendants argue "joinder and inclusion of Home Depot employee

12   Ms. Lelievre as a defendant should be rejected as 'fraudulent' because Home Depot is clearly the

13   target defendant to satisfy the judgment or settlement . . . for the negligence of its employees."

14   (*Id.* at 8.)[4]  Defendants emphasize Amado's failure "to plead any facts demonstrating potential

15   liability of Ms. Lelievre exceeding Home Depot's obligations under the doctrine of respondeat

16   superior [;]" therefore, the Court should disregard Lelievre's citizenship for diversity jurisdiction

17   purposes. (*Id.*)

18          For similar reasons, defendants assert Lelievre is an unnecessary party; therefore, a

19   dispensable party under Federal Civil Procedure Rule 19 and request the Court to exercise its

20   discretion under Federal Civil Procedure Rule 21 to dismiss Lelievre from the action.  In arguing

21   for *sua sponte* dismissal, defendants assert "Plaintiff will be entitled to complete relief from

22   Home Depot without Ms. Lelievre as a named party" because Amado alleges "no actions outside

23   the scope of Home Depot employee's [, Ms. Lelievre,] employment." (*Id.* at 5.)  The Court

24   considers the parties' arguments below.

25   **A.  The Court's Standing Order: Meet and Confer Requirement**

26          Defendants assert Amado failed to comply with the Court's Standing Order requiring the

27   parties meet and confer requirement prior filing a motion.  Amado addresses noncompliance in its

28

1   Response (Doc. 12).  Amado does not dispute that it failed to comply with the Court's meet and

2   confer requirement but asserts its noncompliance was a "plain oversight."  (Doc. 12 at 1, n. 1.)

3   Amado explains, "[o]f import, the parties were on the cusp of mediating and hopefully resolving

4   this matter when Plaintiff filed her Motion and unfortunately, Plaintiff neglected to meet and

5   confer with Home Depot.  While this was a plain oversight, it is clear from Home Depot's

6   Opposition that no concessions would have been made on its part as to the substance of this

7   Motion."  (*Id.*)

8          Counsel are warned to scrupulously comply with the Local Rules in the future.  However,

9   in this instance, denying Amado's motion is not the appropriate remedy considering her right to

10  amend under Federal Civil Procedure Rule 15.  Thus, the Court finds it more appropriate to

11  address the Motion on the merits.   *See Franco v. Costco Wholesale Corp.*, No. CV 18-7586-

12  MWF (AFMX), 2018 WL 6333674, at *2 (C.D. Cal. 2018).

13  **B.  Fraudulent Joinder**

14         As asserted in defendants' Notice of Removal (Doc. 1) and pled in Amado's Complaint

15  (Doc. 1, Ex. A.), Amado and Kacy Lelievre are citizens of the state of California, while Home

16  Depot, is a corporation, "incorporated in Delaware and has its principal place of business in [the

17  state of] Georgia."  (Doc. 1 at 2.)  The Notice of Removal states the Court's basis for subject

18  matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332.  Parties do not dispute Amado

19  and Lelievre are both citizens of the state of California and complete diversity does not exist if

20  Lelievre remains a named party.  Instead, defendants assert fraudulent joinder contending

21  Lelievre is a "sham defendant" warranting the Court to disallow joinder and the inclusion of Kacy

22  Lelievre as a named party-defendant or disregard Lelievre's citizenship for diversity jurisdiction

23  purposes.

24         *a.  Fraudulent Joinder Generally*

25         The Court briefly distinguished the arguments presented in the Notice of Removal (Doc.

26  1) from those raised in the Opposition (Doc. 11).  Defendants did not use or reference the terms

27  "fraudulent joinder" and "sham defendant" in the Notice, but in opposing remand, Home Depot

28  asserts fraudulent joinder as grounds for *sua sponte* dismissal under Rule 21.  (*Cf.* Docs. 1, 11.)

1    The Ninth Circuit recognizes fraudulent joinder as an exception to the complete diversity

2    requirement and permits the Court to ignore a non-diverse defendant's citizenship if the Court

3    finds the non-diverse defendant was fraudulently joined.  *See Morris v. Princess Cruises, Inc.*,

4    236 F.3d 1061, 1067 (9th Cir. 2001); *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d

5    543, 548 (9th Cir. 2018).  There are two ways a party may establish fraudulent joinder: showing

6    (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to state a

7    cause of action against the non-diverse party.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044

8    (9th Cir. 2009); *see also Grancare*, 889 F.3d at 548.  Since there is a general presumption against

9    finding fraudulent joinder, the party "invoking federal court diversity on the basis of fraudulent

10   joinder bears a heavy burden."  *Grancare*, 889 F.3d at 548 (internal quotation marks omitted).

11   "Fraudulent joinder must be proven by clear and convincing evidence [;]" and district courts must

12   resolve all disputed questions of fact in favor of the plaintiff.  *Hamilton Materials, Inc. v. Dow*

13   *Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007).

14       Home Depot contends Lelievre is a sham defendant and "joinder and inclusion [its]

15   employee Ms. Lelievre . . . should be rejected as 'fraudulent' because Home Depot is clearly the

16   target defendant to satisfy the judgment or settlement."  (Doc. 11 at 8.) Home Depot directs the

17   Court to California Labor Code § 2802 explaining the section requires an employer to "defend

18   and indemnify its employee who is sued by third persons for conduct in the course and scope of

19   his employment."  (*Id.* at 6 (quoting *Davis v. Wal-Mart Stores, Inc.*, 2017 WL 499595 at *4-5

20   (C.D. Cal. 2017).)  "Therefore, a plaintiff seeking to hold an employer liable for injuries caused

21   by employees acting in the course and scope of their employment are not required to name or join

22   employees as defendants."  (*Id.* (quoting *Pereza v. City of Huntington Park*, 7 Cal.App.4th 817,

23   820 (1992)).)  Home Depot further contends Amado "cited no persuasive legal authority

24   establishing that naming a retail employee acting in the course and scope of her employment is

25   anything other than gamesmanship and artful pleading designed to prevent removal to Federal

26   Court."  (*Id.* at 7.)  Therefore, Amado's "unpublished and inapposite authority should not

27   outweigh published and exactly on point authority holding that joinder of a nondiverse employee

28   to be fraudulent." (*Id.*)  In essence, Home Depot seeks to establish fraudulent joinder by showing

7

1    Amado's inability to state a claim against Lelievre, asserting Amado "fails to plead any facts

2    demonstrating potential liability of Ms. Lelievre exceeding Home Depot's obligations under the

3    doctrine of *respondeat* superior [;]" and "[t]hese facts alone are insufficient to allow Plaintiff to

4    destroy diversity."  (Doc. 11 at 8.)  Home Depot cites and relies on *Rojas v. Sea World Parks*, 538

5    F. Supp. 3rd 1008 (S.D. Cal. 2021) and *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th

6    Cir. 1998) (finding "When a judgment can be satisfied against an existing defendant, and when

7    the proposed party can be subpoenaed to testify at trial, there is no prejudice to plaintiff and the

8    court should retain jurisdiction and disallow joinder.")  (*Id.* at 8-9.)

9         Though Home Depot cites various authority in support of its contention, its reliance is

10    misplaced.  For example, Home Depot heavily relies on *Rojas v. Sea World Parks*, 538 F. Supp.

11    3rd 1008, in which the court found an "unnamed Doe defendant was fraudulently joined because

12    the plaintiff lacked 'a true intent' to obtain a judgment against Doe 1 and Sea World would be

13    vicariously liable for the actions of their employee." *Alexander v. Home Depot U.S.A., Inc.,* No.

14    2:24-CV-01754-DAD-CSK, 2024 WL 4212749, at *3 (E.D. Cal. 2024).  Unlike *Rojas*, Amado

15    named co-defendant Lelievre in the complaint at the outset of litigation and named co-defendant

16    Lelievre to pursue claims against her.  Amado "is entitled to pursue claims against [the employee]

17    individually." *Cordan v. Costco Wholesale Corp.*, No. 2:20-cv-11096-SVW-KS, 2021 WL

18    2695732, at *1 (C.D. Cal. 2021).

19         If the plaintiff "fails to state a cause of action against a resident defendant and failure is

20    obvious according to the settled rules of the state, the joinder of the resident defendant is

21    fraudulent."  *See Armstrong v. FCA US LLC*, 1:19-cv-01275-DAD-SAB, 2020 WL 6559232, *3

22    (E.D. Cal. 2020).  If, however, "there is a possibility that a state court would find that the

23    complaint states a cause of action against any of the resident defendants, the federal court must

24    find that the joinder was proper and remand the case to state court." *Id*. (quoting *Grancare*, 889

25    F.3d at 548).  The Ninth Circuit states "the complaint will be the most helpful guide in

26    determining whether a defendant has been fraudulently joined." *Id.*

27         At first glance, the fraudulent joinder analysis resembles the Federal Rule of Civil

28    Procedure 12(b)(6) analysis, but the Ninth Circuit has emphasized the two rules' distinctions

1   explaining "[i]f a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a

2   particular defendant, it necessarily follows that the defendant has not been fraudulently joined."

3   *Id.* (quoting *Grancare,* 889 F.3d at 560).  However, "the reverse is not true.  If a defendant cannot

4   withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there."  *Id.*  The district

5   court must consider "whether a deficiency in the complaint can possibly be cured by granting the

6   plaintiff leave to amend."  *Id.* Unless the defendant establishes the plaintiff cannot amend its

7   complaint to cure the purported deficiency, the court must grant remand.  *Armstrong*, 2020 WL

8   6559232, at *3 (citing *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

9        Under California law, negligence and premises liability claims share the same elements.

10   "The elements of a negligence claim, and a premises liability claim are the same: a legal duty of

11   care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1

12   Cal. 5th 1132, 1158 (2016). "[A] defendant generally does not have an affirmative duty to protect

13   others when he or she has not created the peril or increased the risk of danger." *Garcia v. Costco

14   Wholesale Corp.*, No. EDCV 24-1137-KK-SHKX, 2024 WL 3549222, at *2 (C.D. Cal. 2024)

15   (quoting *Moses v. Roger-McKeever*, 91 Cal. App. 5th 172, 178-79 (Cal. Ct. App. 2023).  Thus, "a

16   defendant cannot be held liable for the defective or dangerous condition of property which it does

17   not own, possess, or control."  *Id.* at 179.

18        Home Depot does not contest that Amado can state a claim against Lelievre.  It argues

19   only that the claims against it and Lelievre are the same and that these claims focus on liability.

20   Though lacking specificity, Amado's claims against Lelievre are not plainly lacking in merit.  *See

21   Gallegos v. Costco Wholesale Corp.*, No. CV 20-3250-DMG (GJSx), 2020 WL 2945514, at *3

22   n.3 (C.D. Cal. 2020) ("[i]n the context of the negligence and premises liability claims in this case,

23   [the manager] is Costco's agent and, therefore, it is plausible that Defendants' conduct is

24   intertwined"). Though there are factual disputes regarding Lelievre's knowledge of the alleged

25   condition of the premises, "when the court accepts as true all of the factual allegations in the

26   complaint, there are sufficient facts alleged to support the necessary elements of a negligence and

27   premises liability claim" against Lelievre.[5]  *See Alexander*, 2024 WL 4212749, at *3.  Thus, the

28   _____

[5]  In opposing remand, Defendant contends, "[c]ontrary to the allegations of the Complaint, Plaintiff's counsel states

1  Court declines to find fraudulent joinder.

2        The Court is also unpersuaded by Home Depot's argument that is based on California

3  Labor Code § 2280. The Ninth Circuit has emphasized fraudulent joinder may be established in

4  two ways.  *See Grancare*, 889 F.3d at 548-49. Home Depot's duty to defend and indemnify

5  employee-defendant Ms. Lelievre, does not demonstrate fraudulent joinder under either method,

6  and this duty is not a bar to litigation against individual employees.  *See Alexander*, 2024 WL

7  4212749, at *3 (rejecting defendant Home Depot's fraudulent joinder argument premised on "the

8  possibility that it may have to indemnify defendant [] under California Labor Code § 2280

9  renders her a 'sham defendant.'") (finding "At this stage in the litigation, plaintiff has sufficiently

10  stated a cognizable claim against defendant []—an individually-named, non-diverse defendant—

11  and it would be inappropriate to dismiss plaintiff's claims against defendant [] on the grounds that

12  her liability may be indemnified by another defendant.")); *see also Gamboa v. Wal-Mart Stores,*

13  *Inc.*, No. cv-18-2553-KS, 2018 WL 3129776, at *4 (C.D. Cal. June 21, 2018) ("[C]ourts in this

14  circuit have permitted a store manager to be added as a defendant in their individual capacity in a

15  slip and fall premises liability lawsuit.").  The fact that Home Depot may be held vicariously

16  liable for acts of negligence by Lelievre's is not particularly helpful to this analysis because

17  respondeat superior is a "doctrine of imputed liability, not a doctrine of immunity."  *Revay v.*

18  *Home Depot U.S.A., Inc.*, No. 2:14-cv-03391-RSWL-(ASx), 2015 WL 1285287, at *4 (C.D. Cal.

19  2015).  Moreover, Home Depot has "not supplied the Court with any California authority

20  supporting the contention that a corporate store manager is immune from liability merely because

21  the corporation may be held vicariously liable for the manager's negligence." *See Tapia v.*

22  *Burlington Coat Factory of Texas, Inc.*, No. 1:23-CV-01294-JLT-CDB, 2024 WL 3565984, at *4

23  (E.D. Cal. 2024), report and recommendation adopted, No. 1:23-CV-01294 JLT CDB, 2024 WL

24  3861410 (E.D. Cal. 2024). For these reasons, the Court finds Lelievre is not a sham defendant and

25  was not fraudulently joined.

26

---

27  that Ms. Lelievre 'has intimate knowledge of the subject fall and where it took place'" and "[t]he statement is
     hearsay" because "Plaintiff's counsel lacks personal knowledge sufficient to attest to Ms. Lelievre's knowledge or
28  capacity.  Therefore, these inadmissible 'facts' should be disregarded." (Doc. 11 at 5 (citing Fed. R. of Evid. 601;
     Fed. R. of Evid. 801).)

**C. Federal Civil Procedure Rule 19(a)**

Home Depot contends that Lelievre is a dispensable party under Federal Civil Procedure Rule 19(a) and requests the Court to dismiss her from this litigation or disregard her citizenship to retain jurisdiction. Home Depot contends "Plaintiff will be entitled to complete relief from Home Depot without Ms. Lelievre as a named party." (Doc. 11 at 5.) Home Depot relies on *Clino v. Roberts*, 41 F.Supp.2d 1080, 1082 (C.D. Cal. 1999) and other decisions in asserting its contention that "joinder is not required . . . if it would destroy subject matter jurisdiction under Rule 19(a) or if the non-diverse defendant is 'tangentially related to the cause of action or would not prevent complete relief." (*Id.* at 3-5.)

Federal Civil Procedure Rule 19 concerns the effects of joining a nonparty to a pending lawsuit. *See generally* Fed. Civ. P. Rule 19. A "person must be joined in a lawsuit when their absence will either materially reduce the likelihood that the court can provide justice for those already parties or be detrimental to the nonparties themselves." *Id.* In that instance, the Court's task is to determine whether an absent person is a "required party." *Id.* In the matter before the Court, Amado named Lelievre as a defendant, and she was properly served before to the defendants removed the action to this Court. (*See generally* Doc. 1, Ex. A.) Thus, Rule 19(a) does not apply here.[6, 7]

**D. Federal Civil Procedure Rule 21**

Home Depot requests the Court to exercise discretion under Federal Civil Procedure Rule 21 and dismiss Lelievre as a party in this action. Federal Civil Procedure Rule 21 provides that, "[o]n motion or on its own, the court may, at any time, on just terms, add or drop a party." *See*

---

[6] For the same reason, the Court finds 28 U.S.C. 1447(e) does not apply either.

[7] Indeed, it appears authority addressing joinder of non-diverse defendant before removal is limited to fraudulent joinder arguments. Therefore, the Court looks to post-removal authority and finds *Armstrong v. FCA US LLC* instructive. *Cf. Armstrong*, 2020 WL 6559232, (E.D. Cal. 2020). In *Armstrong*, the court considered joinder of non-diverse defendant after removal but also addressed the defendant's fraudulent joinder arguments. *Id.* at *4. The court stated, it "will begin by analyzing the § 1447(e) factors that courts consider when determining whether to permit or deny joinder of a non-diverse defendant [;]" and also "address the fraudulent joinder arguments presented by defendants . . . in the context of this analysis because 'the core inquiry in a fraudulent joinder analysis, i.e., whether there is any possibility of recovery against the non-diverse defendant, is subsumed in the consideration in a section 1447(e) analysis of whether plaintiff can state a valid claim against the party sought to be joined.," *Id.* (quoting *Taylor v. Honeywell Corp.*, No. C 09-4947 SBA, 2010 WL 1881459, at *2 n.1 (N.D. Cal. 2010); *see also Avellanet*, 2019 WL 5448199, at *2 ("[T]he Court considers FCA's fraudulent joinder arguments in the context of the analysis under 28 U.S.C. § 1447(e).").

1    *Alexander*, 2024 WL 4212749, at \*4.  However, Rule 21 "should be used sparingly" and not

2    merely to "unduly expand diversity jurisdiction." *Lee v. Ford Motor Corp.*, No. 19-cv-10170-AB-

3    FFM, 2020 WL 2835748, at \*3 (C.D. Cal. 2020); *see also Armstrong*, 2020 WL 6559232, at \*10.

4            Home Depot's argument, in essence, is that under Rule 21, Lelievre "is not a necessary

5    party because Plaintiff can obtain complete relief if she prevails on claims against Defendant

6    Home Depot." (Doc. 11 at 5.)  Toward this end, Home Depot asserts "California District Courts

7    and others have held that joinder of non-diverse employees acting in the course and scope of their

8    employment should not be allowed when doing so would defeat diversity," and cites various

9    cases, however, the authority does not align with the issues and facts before the Court.  (Doc. 11

10   at 4-5.)  For example, in *Leyba v. Walmart, Inc*., 2021 WL 8893640 (C.D. Cal. 2021), the plaintiff

11   sought to amend its complaint to add a non-diverse employee defendant, and the court denied

12   remand.  (Doc. 11 at 4.)  Likewise in *Calderon v. Lowe's Hardware*, 2015 W.L. 3889289 (C.D.

13   Cal. 2015) and *Robinson v. Lowe's Home Centers, LLC.*, 2015 WL 1326883 (E.D. Cal. 2015), the

14   courts denied the motions for remand after the plaintiffs amended their complaints to substitute

15   doe defendants with non-diverse employee defendants.  Each of these cases concern a plaintiff's

16   attempt to amend an original complaint to add or substitute nonparty defendants.  Here, the Kacy

17   Lelievre was named as a defendant before removal.

18           In *Armstrong v. FCA US LLC*, 2020 WL 6559232, the court found that "to the extent

19   [defendant] argues that [a non-diverse defendant] is not a necessary party in this action because

20   plaintiff can obtain complete relief if he prevails on his claims against [defendant] [] that

21   argument is also unavailing." *Id.* \*5.  The *Armstrong* court explained,

22           Regardless of who Plaintiff could ultimately recover from, Plaintiff's proposed
             allegations state an independent cause of action against Proposed Defendants.
23           Because Plaintiff "may pursue an independent cause of action...directly against
             [the] Proposed Defendants, forcing Plaintiff to pursue such claims separately in
24           state court would lead to redundancy," and favors joinder.

25   *Id.* (quoting *Malijen v. Ford Motor Co.*, No. 20-cv-1217-JGB-KKX, 2020 WL 5934298, at \*2

26   (C.D. Cal. 2020)); *see also Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017

27   WL 403495, \*2 (N.D. Cal. 2017) (finding a dealership was needed for just adjudication despite

28   the manufacturer being bound to indemnify the dealership for any judgment in plaintiff's favor

1    and concluding "[t]rying the case in separate actions could lead to inconsistent findings as to the

2    condition of the vehicle and the adequacy of repairs"); *Avellanet*, 2019 WL 5448199, at *2

3    (finding "failure to join Fiat would lead to separate and redundant actions, and that Fiat is

4    necessary for the efficient and just adjudication of this action," because plaintiff's "claims for

5    relief against FCA and Fiat arise out of the same vehicle and the same alleged defects in that

6    vehicle, and resolution of Plaintiff's claim against Fiat will require many of the same documents

7    and witnesses and will implicate many of the same factual and legal issues").

8          Moreover, Lelievre is more than "tangentially related to the cause of action." *See Multani*

9    *v. Century Theatres, Inc.*, No. 2:24-cv-00905-KS, 2024 WL 3363561, (C.D. Cal. 2024) at *4

10    (conducting Federal Rule of Civil Procedure 19(a) analysis under § 1447(e) and finding the

11    defendant's shift manager a necessary party and tangentially related to the cause of action.)

12    Amado alleges Ms. Lelievre was the manager on duty at the time of subject fall and an agent of

13    Home Depot and acting within the course and scope of such agency at the time of the incident.

14    Amado maintains that "Managers are typically responsible for the daily operations of a facility,

15    and some oversee tasks performed by supervisors and employees." (Doc. 9 at 6.)

16          Amado further alleges Ms. Lelievre breached her duty by failing to keep the garden

17    department clear of dangerous conditions, including the brooms and pipes negligently left in the

18    walkway. (Doc. 9 at 6; *see also* Doc. 1, Ex. 1); *see Multani,* 2024 WL 3363561, at *4 (citing

19    *Fortenberry v. Walmart Inc*., No. EDCV 23-2601-KK-SHKX, 2024 WL 1343166, at *9-10 (C.D.

20    Cal. 2024) (finding defendant substantially involved in the cause of action because plaintiff

21    alleged defendant "failed to exercise due care for the safety of patrons of the [movie theater] by

22    negligently failing to maintain a clean walkway by removing the liquid from the floor of the

23    concession lobby, or, at a minimum, posting a sign to warn patrons of the dangerous condition,"

24    and the plaintiff was harmed as a result of defendant's negligence.)). These allegations are

25    sufficient to state a claim against Lelievre.

26          Once again, the fact that Home Depot may be directly and vicariously liable for its store

27    manager, Kacy Lelievre, negligence does not require dismissal Ms. Lelievre from this action. *See*

28    *Multani*, 2024 WL 3363561, at *5; (citing *Franco v. Costco Wholesale Corp.*, No. CV 18-7586-

1    MWF (AFMX), 2018 WL 6333674 (C.D. Cal. 2018) (rejecting Costco's argument that manager

2    is not an indispensable party liable for any alleged acts of negligence and holding that "the fact

3    that Costco may be both directly liable for its negligence and vicariously liable for the negligence

4    of [the store manager] supports Amado's argument that [the store manager] is a necessary party to

5    this action, and not merely tangentially related"). It is long settled under California law that "[i]f a

6    tortious act has been committed by an agent acting under authority of his principal, the fact that

7    the principal thus becomes liable does not of course exonerate the agent from liability."

8    *Gallegos*, 2020 WL 2945514, at *3 n.3 (quoting *Perkins v. Blauth*, 163 Cal. 782, 787 (1912)); *see*

9    *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1381 (2000) ("[A]n agent is liable for her or his

10   own acts, regardless of whether the principal is also liable."). A store manager may be held liable

11   separate and apart from the premises owner's liability. *Gallegos*, 2020 WL 2945514, at *3

12   (permitting joinder of store's manager because "[i]n the context of the negligence and premises

13   liability claims in this case, [the manager] is Costco's agent and, therefore, it is plausible that

14   Defendants' conduct is intertwined"); *see also Trujillo v. Target Corp.*, No. 17-cv-06429 VAP

15   (GJSx), 2017 WL 4864490, at *2 (C.D. Cal. 2017). For these reasons, Home Depot's argument is

16   unavailing. The Court declines to find fraudulent joinder; it also declines exercise its discretion

17   under Rule 21.

18                                    **CONCLUSION**

19         Complete diversity requires "each plaintiff must be of a different citizenship from each

20   defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018)

21   (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Notably, Home Depot does not contest

22   that complete diversity does not exist while Lelievre remains a defendant. Because Home Depot

23   has failed to carry its heavy burden to establish Kacy Lelievre was fraudulently joined and has

24   failed to show the applicability of Federal Civil Procedure Rule 19(a) to nondiverse parties joined

25   before removal, the Court finds it lacks diversity jurisdiction. The Court also declines to exercise

26   discretion under Federal Civil Procedure Rule 21 and *sua sponte* dismiss co-defendant Lelievre

27   from the pending action.

28   ///

For these reasons, the Court **GRANTS** Amado's Motion for Remand and remands the action to Merced County Superior Court.

IT IS SO ORDERED.

Dated:   **January 27, 2025**

UNITED STATES DISTRICT JUDGE